# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MIRANDA,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>HARVEY M. BOOKER, Supervisor I.N.S. Inspector, KENNETH WALSH, I.N.S. Inspector, RIAD TAYIAN, I.N.S. Inspector, CLAUDIA RIOS, I.N.S. Inspector, LISSETE GUZMAN, I.N.S. Inspector, MR. NEDDERMEYER, I.N.S. Agent, JOHN DOE(S) 1-10, in their individual capacities, et. al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 04cv0555-LAB (CAB)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR FOR PRELIMINARY INJUNCTIVE RELIEF** |

Plaintiff, a prisoner in federal custody, has alleged mistreatment at the hands of federal officials when he tried to enter the United States at the San Ysidro border crossing. He is proceeding *pro se* and *in forma pauperis*, and seeks damages and equitable relief. After extensive efforts, it now appears he has served Defendants in this action, and Defendant Walsh has filed an answer. Plaintiff's three previous requests for appointment of counsel have been denied.

Plaintiff admits he is a Mexican national and neither a citizen nor a legal resident of the U.S., although he says he was raised in the U.S. since he was five years old and his wife and child are both U.S. citizens. (First Amended Complaint ("FAC") at 14 (Plaintiff's letter to F.B.I., attached as unenumerated[1] exhibit).) Along with the FAC, he submitted documents suggesting that he had been

---

[1] Plaintiff uses exhibit numbers, but they do not meaningfully differentiate between exhibits.

previously deported (FAC at 20 (U.S. Customs and Border Protection Memorandum, attached as unenumerated exhibit), 21 (Record of Deportable/Inadmissible Alien, attached as unenumerated exhibit).) While it has not clearly been explained what charges Plaintiff was convicted of, he has been either in custody or incarcerated for a period of four years. (*Id.* at 18–21 (identifying the dates of Plaintiff's arrest and interview as August 13 and 14, 2003).)

## I. Motion for Appointment of Counsel or for Preliminary Injunctive Relief

Plaintiff has now filed a motion for appointment of counsel or, in the alternative, for preliminary injunctive relief (the "Motion"). He represents that he is about to be released from custody and removed to Mexico. (Motion, ¶ 3 (giving his deportation date as September 28, 2007).) If counsel is not appointed, he seeks an order granting him leave to remain in the United States to prosecute his case. Plaintiff says he is determined to persist in prosecuting his claims. (*Id.*, ¶ 34.)

Plaintiff represents he has attempted to retain counsel, but has not been able to do so. (Motion, ¶ 2.) In support of this, he attaches correspondence with several organizations and law offices. (*Id.* at 7–13.) Plaintiff argues he is likely to prevail on the merits, but that he cannot prosecute his case unless the relief he seeks is granted. He argues he cannot prosecute his case from Mexico, because he says no library there contains the resources he needs to conduct legal research. (*Id.* ¶ 3.) He also contends he will need to make personal court appearances when the case goes to trial. (*Id.*)

## II. Discussion

### A. Appointment of Counsel

"[A]n indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(d), the district court has "the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation omitted). "The court may appoint counsel under section 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (internal citation omitted). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these

factors is dispositive and both must be viewed together before reaching a decision." *Id*. (internal citation omitted).

Plaintiff contends he is likely to succeed on the merits. The FAC alleges that, when he attempted to enter the United States, officers detained and mistreated him, using excessive force. Plaintiff has attached some exhibits in support of these claims. However, certain other exhibits he has attached to the FAC, together with Defendant Walsh's answer to it, suggest that Defendants will argue Plaintiff had been drinking at the time he attempted to cross the border and resisted their lawful efforts to restrain and interview him, necessitating their use of force. (*See* Walsh Answer at 8; FAC at 38 (U.S. Customs and Border Protection Memorandum, attached as unenumerated exhibit, detailing Plaintiff's possible intoxication and violent resistance.) They may also argue that Plaintiff sustained some of his injuries before he was in their custody. (Walsh Answer at 8:5–6.) Other than Plaintiff's own testimony, it is unclear what evidence Plaintiff may be able to present to show that the force used was excessive under the circumstances, or when or by whom he was injured. Plaintiff may be able to prevail on this claim, but the Court cannot say at this time he is likely to prevail.

The Court finds that, while Plaintiff's deportation to Mexico and inability to return to the United States may make prosecution of his claim more difficult, there is no clear reason why he cannot continue to pursue it. Plaintiffs who cannot enter the United States are not *per se* incapable of prosecuting their claims in U.S. courts. *See, generally, e.g.*, *Hilska v. Jones*, 217 F.R.D. 16 (D.D.C. 2003) (ruling on motions in action brought and being prosecuted by *pro se* plaintiff, a citizen of Finland who had been deported from the United States).

Plaintiff's contention that no Mexican library contains the materials he needs is not credible and, in any event, he has not argued he cannot conduct legal research in Mexico on the internet. *See Mendez-Alcaraz v. Gonzales,* 464 F.3d 842, 843 (9th Cir. 2006) (refusing to accept the argument that petitioner could not have learned of relevant U.S. legal decisions while in Mexico, in part because he could have used the internet to do so). While legal correspondence may be delayed somewhat, there is no showing at this time Plaintiff cannot prosecute his case while in Mexico using the mails and appearing telephonically for hearings if necessary. It is unclear at this time whether this case will go to trial, and no court appearances are immediately required or are likely to be required at any time in

1 the near future. If it does go to trial, Plaintiff may again seek injunctive relief, but until that time, his
2 request is unripe.

3 Weighing the factors cited in *Terrell*, 935 F.2d at 1017, the Court finds no exceptional
4 circumstances at this time that would justify appointment of counsel.

**B.    Preliminary Injunctive Relief**

"The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir. 1989). A preliminary injunction is appropriate "where plaintiffs demonstrate either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in their favor." *Southwest Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 917–18 (9th Cir. 2003) (en banc) (citations and internal quotation marks omitted).

The likelihood of success on the merits and possibility of irreparable injury, as discussed above, do not favor granting injunctive relief. While serious questions going to the merits were raised in the FAC, the balance of hardships does not tip in Plaintiff's favor at all. Permitting him to remain in the United States during the pendency of this action under some custody or monitoring arrangement would be impractical, burdensome, and expensive; and permitting him to remain in the United States on his own recognizance would be imprudent.

**III.   Conclusion and Order**

For these reasons, Plaintiff's Motion is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: September 21, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge